UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD,<br><br>Plaintiff,<br><br>v.<br><br>FRESHWORKS, INC.,<br><br>Defendant. | Case No. 20-cv-01869-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 53 |

The motion to dismiss the second amended complaint is denied. As explained more fully in the hearing, Zoho has clearly met the standard for pleading trade secret misappropriation. The CRM is properly identified as a trade secret, and Zoho has alleged facts supporting a claim that Freshworks improperly accessed and used information contained within the CRM at least once, and that Zoho was harmed by that improper use. *Space Data Corp. v. X*, No 16-cv-03260-BLF, 2017 WL 5013363, at *1–2 (N.D. Cal. Feb. 16, 2017).

This case is different from cases like *Moreland Apartments v. LP Equity LLC*, No. 5:19-cv-00744-EJD, 2019 WL 6771792 (N.D. Cal. 2019), where plaintiffs allege the theft of a variety of different trade secrets but fail to support one or more of those claims with sufficient factual allegations. There, it is appropriate to dismiss unsupported claims and allow the supported ones to go forward. Here, Zoho claims only that Freshworks misappropriated one trade secret—the CRM. And it provides one detailed example of how Freshworks used the trade secret, which involved the actions of one Freshworks employee, Arjun Ravikumar. The fact that the complaint gives one example does not mean that the more general allegations require dismissal.

Indeed, the arguments Freshworks makes in support of its motion to dismiss are not

really arguments for dismissal at all. They are arguments that some of the allegations in the complaint, absent the specific allegations regarding Ravikumar's unauthorized use of the CRM data, would not state a claim for misappropriations of trade secrets. That may be true, but those allegations don't stand on their own; they operate together with the alleged facts regarding Ravikumar's use to give rise to a viable claim for theft of trade secrets by Freshworks.[1]

What Freshworks really seems to be attempting through its motion to dismiss is to limit the scope of discovery. But the scope of discovery is appropriately set by the nature of the claim successfully pleaded. The claim is that Freshworks—not just Ravikumar—had access to and used Zoho's trade secret. Although the Court will (at least initially) impose a temporal limit on discovery requests to events no earlier than January 1, 2018, it would not be appropriate to limit discovery to the activities of a single employee, as Freshworks seems to suggest.

**IT IS SO ORDERED.**

Dated: October 27, 2020

VINCE CHHABRIA
United States District Judge

---

[1] Of course, the proposition that a well-pled allegation of a specific instance of misappropriation can support more generalized allegations has limits. As was made clear in the hearing, allegations that Freshworks may have used proprietary information of Zoho's that was <u>not</u> contained in the CRM do not support the current trade secret claim, nor do they give rise to a separate claim on their own. Zoho does not contest this. By contrast, allegations regarding the two incidents in which Freshworks contacted current Zoho clients prior to the Ravikumar incident do support the current claim, because client contact information is precisely the type of information contained within the CRM.