UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD,<br><br>Plaintiff,<br><br>v.<br><br>FRESHWORKS, INC.,<br><br>Defendant. | Case No. 20-cv-01869-VC  (TSH)<br><br>**ORDER GRANTING MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>Re: Dkt. No. 92 |

## I. INTRODUCTION

Plaintiff Zoho Corporation Pvt. Ltd. asks the Court to issue letters of request for international assistance so that it can obtain discovery from two of Defendant Freshworks, Inc.'s third-party resellers, Think Technology Services and ThinkUp Consultancy Services LLP. ECF No. 92. Freshworks states it has "no objection in principle" to the letters but argues the Court should deny the request because (1) Zoho has not been diligent in pursuing this discovery and (2) the requests are duplicative of discovery Freshworks has already produced or that can be obtained directly from it. ECF No. 96. Having considered the parties' positions and the record in this case, the Court hereby **GRANTS** Zoho's motion for the following reasons.

## II. BACKGROUND

Zoho alleges Freshworks obtained confidential and proprietary data from its customer relationship management ("CRM") database and used that information to solicit customers. It brings claims for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Third Am. Compl., ECF No. 65.

According to Zoho, Freshworks' discovery responses reflect inconsistencies between its

interrogatory responses and the information reflected in its production documents. For instance, it notes that Freshworks' interrogatory responses claim that its former employee, Mallikarjun Ravikumar, sent Think Technology 13 photographs (which reflect the data of approximately 140 records from Zoho's CRM), and that Freshworks had taken certain remedial steps with Think Technology regarding that CRM data. Mot. at 1, 4; Marton Decl. ¶¶ 7, 10, ECF No. 92-1. However, discovery documents produced to date reflect that additional CRM data not identified in Freshworks' interrogatory responses had also been shared. Marton Decl. ¶¶ 8-9. This includes what appears to be automated emails from Freshworks' own CRM database (Freshsales) in mid-February 2020 that reflect Think Technology "created" outbound leads in Freshsales for contacts appearing in other photographs taken of Zoho's CRM but which Freshworks claims were not sent to anyone. *Id.* ¶ 9. Additionally, Zoho states that Ravikumar emailed a spreadsheet of approximately 248 leads which appear to be from Zoho's CRM to Think Technology on or about February 20, 2020. *Id.* ¶ 8.

Zoho also notes that Freshworks' interrogatory responses state that Ravikumar sent ThinkUp 8 photographs (which reflect the data of approximately 85 Zoho CRM records). Mot. at 2; Marton Decl. ¶ 12. However, Zoho maintains that a review of Freshworks' production to date reflects that Ravikumar also had emailed ThinkUp at least three times with leads that appear to have been taken from Zoho's CRM (including one that attached a spreadsheet with "75 leads which are hot") with contacts not reflected in those 8 photos. Mot. at 2; Marton Decl. ¶ 13.

Zoho filed the present motion on June 10, 2021. It argues that, given the inconsistencies between interrogatory responses and document production, the information in the possession, custody or control of Think Technology and ThinkUp is highly relevant in this case. Mot. at 2. Zoho also argues that Freshworks has attempted to circumscribe and downplay the misappropriation of data from Zoho's CRM through its purported investigation findings and remediation efforts, and that those efforts have proven incomplete. *Id.* Zoho seeks discovery from Think Technology and ThinkUp to "understand, test, and verify the circumstances and means by which Zoho's CRM data was shared by Freshworks with these partners, the scope of misappropriated data; and what remedial efforts were or were not done with respect to such

misappropriated data." *Id.* It argues they are third-party witnesses in this case and their testimony and documents will address key issues relating to: (a) their knowledge and the factual circumstances surrounding Freshworks' transmission of Zoho CRM data to them; (b) what Zoho CRM data they used and how it was used; (c) whether anyone else at Freshworks had knowledge of the source of the data; (d) any sales, business or other value or benefit from use of such data; (e) what remediation efforts were undertaken by them with Freshworks and any customers or potential customers; and (f) their possession and preservation of any relevant documents. *Id.* at 4; Marton Decl., Exs. 1 & 2, § 10.

Because these Freshworks partners are foreign entities in Mumbai, India, they are outside of the subpoena power of this Court. Thus, Zoho has retained Indian counsel to assist with obtaining non-party discovery through the Hague Evidence Convention in India. Marton Decl. ¶ 2. Zoho's counsel in India has requested issuance of letters of requests to both The Bombay High Court and The Ministry of Law and Justice in the interest of expeditious execution of the Letters of Request in India. *Id.* Zoho thus requests the Court issue the letters of request to these central authorities in India to permit Zoho's counsel to take discovery from Think Technology and ThinkUp.

In response, Freshworks notes that it first identified both companies as possessing relevant information in its June 2020 initial disclosures, yet Zoho never sought discovery from either. Opp'n at 1. It argues Zoho filed this motion now to create an excuse to extend the fact discovery period, and that "Zoho all but confirmed that extending the fact discovery period was its true reason for filing this motion when it refused Freshworks' offer to assent to the motion in exchange for a promise that Zoho would not cite the letters of request as a reason for extending the discovery cutoff." *Id.*; Sun Decl., Exs. D, F, ECF No. 96-1, 96-2.

Freshworks also argues that obtaining discovery from either company would not materially benefit the resolution of this case because Zoho's proposed letters do not seek documents uniquely in the possession of Think Technology or ThinkUp; rather, they request communications with or documents about Freshworks—almost all of which Freshworks has already searched for and produced as part of the discovery efforts the parties have conducted to date. Opp'n at 1.

Freshworks argues discovery to date "has turned up no evidence of a broad scheme by Freshworks to misappropriate Zoho's trade secrets and instead confirms that Ravikumar acted alone." *Id.* at 3.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 28(b)(1)(B), parties my take depositions in a foreign country upon the issuance of a letter of request from the federal court. *See also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (A letter of request or letter rogatory "is the request by a domestic court to a foreign court to take evidence from a certain witness."). "Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that '[t]he opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (quoting *S.E.C. v. Leslie*, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009)); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014). Like all discovery, motions for letters of request are subject to the standards of Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b); *Successor Agency to Former Emeryville Redevelopment Agency*, 2020 WL 7042860, at *2. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

The United States and India are both signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner."[1] 28 U.S.C. § 1781(b)(2); *see also* 23 U.S.T. 2555; *Life Bliss Found. v. Sun TV Network Ltd.*, 2014 WL 12598859, at *4 (C.D. Cal. May 8, 2014). Under the Hague Evidence Convention, a request for discovery is sent by a court to the "Central Authority" in India. *See* Hague Evidence Convention, art. 2. India has designated "The Ministry of Law and Justice and

---

[1] *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=101.

the High Courts in all States and Union Territories within India" as the "Central Authority" in India.[2]

## IV. DISCUSSION

Given the liberal standard for issuance of letters of request, the Court finds Zoho has met its burden of showing the letters should be issued. Both Think Technology and ThinkUp are identified in Freshworks' interrogatory responses, and the discovery produced to date reflects that these entities received information from Zoho's CRM database to solicit business on behalf of Freshworks. Accordingly, they likely possess information relevant to this lawsuit, including first-hand knowledge regarding the circumstances regarding Freshworks' use and sharing of Zoho's CRM data, whether and how such information was used for any marketing and sales activities, and what related remediation efforts were undertaken.

Freshworks argues the Court should deny the motion because Zoho has not exhibited the requisite diligence in seeking letters of request, noting it identified both entities in its June 29, 2020 initial disclosures. Opp'n at 5; Sun Decl., Ex. C (listing Think Technology and ThinkUp as potential witnesses that may have discoverable information). Freshworks also identified both entities again in interrogatory responses served on October 30, 2020. Sun Decl., Ex. A. In those interrogatory responses, Freshworks attested that "Ravikumar has represented to Freshworks that he took photographs of some of the prospective customer contact information he viewed in Zoho's customer relationship management database using his cell phone . . . that he sent . . . to . . . Think Technology Services[] and ThinkUp Consultancy Services LLP." *Id.*, Ex. A at 12. It also notes that on the same day it served the interrogatory responses, Freshworks produced 7,295 documents that included email communications from Ravikumar regarding the contact information he copied from Zoho's CRM database. *Id.* ¶ 1 & Ex. B at 5. Freshworks argues that its production included every document Zoho now cites in support of its motion, save two that were included in a subsequent production that Freshworks served on March 22, 2021. Opp'n at 5-6; Sun Decl. ¶¶ 4-5 & Ex. F. Thus, Freshworks maintains Zoho has known about Think Technology and ThinkUp for

---

[2] *See* https://www.hcch.net/en/states/authorities/details3/?aid=715; https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/India.html.

twelve months, yet it waited until less than three months before the close of fact discovery[3] to request discovery from them and "has made no effort to even attempt to seek documents from Think Technology and ThinkUp informally, which would avoid much of the procedural delay letters of request would cause." Opp'n at 6.

The Court finds Freshworks' argument unpersuasive. In support of its argument, Freshworks relies on *In re Cathode Ray Tube (CRT) Antitrust Litigation*. In that case, the plaintiff listed two potential witnesses in the Republic of Korea and, over 16 months later, filed a motion seeking letters of request for their depositions "a little more than three months prior to the discovery cutoff." 2014 WL 4954634 at *5. Even under those circumstances, the court granted the motion and issued the letters of request. *Id.* However, the letters of request were subsequently rejected for failing to comply with the Hague Convention and Civil Procedure Rules of Korea. The plaintiff moved again for issuance of revised letters of request after fact discovery closed, but the court found the depositions were not diligently pursued, non-compliance was due to factors within plaintiff's control, and good cause lacked to extend the deadline as to those depositions, and thus denied issuance of the revised letters of request. *Id.*

Here, Zoho states that, rather than undertake the costly process of obtaining third-party international discovery by letters of request, it initially worked in good faith to obtain discovery directly from Freshworks. Reply at 2, ECF No. 97. However, as noted above, Zoho later found inconsistencies between Freshworks' interrogatory responses and the information reflected in its production documents. In its reply brief, Zoho also notes that in mid-March 2021, Freshworks disclosed that additional marketing blasts by Ravikumar had taken place on February 10, 2020 to nearly 2,000 previously undisclosed customers and leads contacts from Zoho's CRM database. Marton Reply Decl. ¶¶ 2-4, ECF No. 97-1. Given these inconsistencies and the information obtained in March 2021, Zoho in early April 2021 (five months before the close of discovery) pursued discovery of Freshworks' resellers in Mumbai by engaging Indian counsel regarding issuance of the letters of request to these third parties. Marton Reply Decl. ¶ 6 & Ex. A.

---

[3] Fact discovery is set to close on September 3, 2021. *See* ECF No. 79.

1   However, due to factors outside of Zoho's control resulting from Covid-related lockdowns
2   impacting India, it took approximately two months for Indian counsel to revert with the requested
3   guidance on the letters of request. *Id.* At that point, Zoho contacted Freshworks regarding its
4   request and filed the present motion after receiving Freshworks' response. *Id.* ¶¶ 6, 7 & Ex. A.
5   This record does not show a lack of diligence on Zoho's part.

6   Freshworks also argues Zoho's motion should be denied because the discovery sought
7   from these third parties is duplicative of its own production. Mot. at 7-8. However, Zoho seeks
8   depositions, not just documents. Such depositions would allow Zoho the opportunity to question
9   percipient witnesses and to test the veracity of Freshworks' and Ravikumar's representations.
10  Further, if Freshworks' position is true—*i.e.*, that Ravikumar acted on his own and used his
11  personal accounts to communicate—Freshworks would not possess relevant documents regarding
12  his interactions with these resellers. There is no guarantee that the third parties do not have
13  relevant information, and Zoho should not have to take Freshworks' word for it. *See Successor*
14  *Agency to Former Emeryville Redevelopment Agency*, 2020 WL 7042860, at *3 (rejecting
15  argument that granting letters of requests would result in duplicative discovery, noting: "The
16  proposed foreign deponents . . . will likely have a different perspective on the relationship . . . and
17  different personal knowledge regarding these companies' corporate activities and involvement in
18  the . . . acquisition and restructuring."); *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020
19  WL 5900155, at *2 (C.D. Cal. Aug. 17, 2020) ("There is no guarantee that FPH's existing
20  production or its Rule 30(b)(6) testimony is a perfect replacement for the inventors' own
21  testimony and discovery) (citing *Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 5720702, at
22  *2 (N.D. Ill. Sept. 30, 2016), *objections overruled,* 2017 WL 446042 (N.D. Ill. Feb. 2, 2017)
23  (rejecting argument that testimony would be cumulative because "[t]here is no guarantee that the
24  remaining co-inventors will have the same memory of the invention process, and [defendant]
25  should not have to take [plaintiff's] word for it")). Regardless, there is no requirement that a third
26  party must be able to provide unique information in order to depose them. *See In re Cathode Ray*
27  *Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *4 (finding letter of request would not result in
28  duplicative discovery because "the ordinary rules of relevance in discovery, and Rule 30's grant of

7

authority for a deposition of 'any person, including a party'" show that a party does not have to provide "unique information.").

### V. CONCLUSION

For the reasons outlined above, the Court **GRANTS** Zoho's motion for issuance of letters. The Court adopts the Letters of Request attached as Exhibits 1 through 4 to the Declaration of Ryan J. Marton. The Clerk of Court shall file the executed letters as attachments to this Order.

**IT IS SO ORDERED.**

Dated: July 2, 2021

THOMAS S. HIXSON
United States Magistrate Judge