UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD.<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRESHWORKS, INC.<br><br>　　　　　　　　　　Defendant. | Case Number:  3:20-cv-01869-VC-TSH |

**Letter of Request for International Judicial Assistance
Pursuant to Hague Convention of 18 March 1970 on
the Taking of Evidence Abroad in Civil or Commercial Matters**

By the United States District Court,
Northern District of California,
Hon. Thomas S. Hixson

**TO THE MINISTRY OF LAW AND JUSTICE, DEPARTMENT OF LEGAL AFFAIRS, AT NEW DELHI, INDIA:**

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and in conformity with the Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), the United States District Court for the Northern District of California has the honor to submit this request on behalf of Zoho Corporation Pvt. Ltd. ("Zoho") to The Ministry of Law and Justice at New Delhi, India, and requests international judicial assistance to obtain certain documents and testimony for examination in the above-referenced civil action.

**1.      Sender**

The Honorable Thomas S. Hixson
United States Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102
United States of America

**2.     Central Authority of the Requested State**

Central Authority
The Ministry of Law and Justice
Department of Legal Affairs
Room No. 439-A, 4th Floor, A-Wing, Shastri Bhavan
New Delhi
110 001 India

**3.     Person to whom the executed request is to be returned**

Ryan J. Marton, Esq.
Marton Ribera Schumann & Chang LLP
548 Market Street, Suite 36117
San Francisco, California
United States of America
Telephone:  415-360-2515
Email:  ryan@martonribera.com

**4.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

In order for Zoho to comply with the current deadline to collect evidence in the above-captioned action, the Court respectfully requests that The Ministry of Law and Justice issue its response in such a time as to permit the Letter of Request to be fully executed, to the extent possible, before September 3, 2021.

**5.     IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   **a.     Requesting judicial authority (Article 3(a))**

The Honorable Thomas S. Hixson
United States Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, California 94102
United States of America

   **b.     To the competent authority of (Article 3(a))**

Central Authority
The Ministry of Law and Justice
Department of Legal Affairs
Room No. 439-A, 4th Floor, A-Wing, Shastri Bhavan
New Delhi
110 001 India

  c.  **Name of case and identifying number**

*Zoho Corporation Pvt. Ltd. v. Freshworks, Inc.*
Civil Case No. 3:20-cv-01869-VC-TSH
United States District Court for the Northern District of California

**6.  Names and addresses of the parties and their representatives (including representatives in the requesting state) (article 3(b))**

  a.  **Plaintiff**

Zoho Corporation Pvt. Ltd.
Estancia IT Park
Plot No. 140 & 151, GST Road
Vallancherry Village, Chengalpattu Taluk
Kanchipuram District 603 202
India

      *Plaintiff's Representatives*

Marton Ribera Schumann & Chang LLP
548 Market Street, Suite 36117
San Francisco, California
United States of America
Telephone:  415-360-2515

| | |
|---|---|
| Ryan Marton, Esq. | email:  ryan@martonribera.com |
| Carolyn Chang, Esq. | email:  carolyn@martonribera.com |
| Hector J. Ribera, Esq. | email:  hector@martonribera.com |
| Songmee L. Connolly, Esq. | email:  songmee@martonribera.com |
| Phillip J. Haack, Esq. | email:  phaack@martonribera.com |
| Lauren E. Whittemore, Esq. | email:  lwhittemore@martonribera.com |

  b.  **Defendant**

Freshworks Inc.
2950 S. Delaware Street
Suite 201
San Mateo, California 94403
United States of America

      *Defendant's Representatives*

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

| | |
|---|---|
| Robert A. Van Nest, Esq. | email: rvannest@keker.com |
| Eric H. MacMichael, Esq. | email: emacmichael@keker.com |
| Warren A. Braunig, Esq. | email: wbraunig@keker.com |
| Jo W. Golub, Esq. | email: jgolub@keker.com |
| Sarah Salomon, Esq. | email: ssalomon@keker.com |
| Christopher S. Sun, Esq. | email: csun@keker.com |
| Deeva Shah, Esq. | email: dshah@keker.com |

    **c.**    **Other Parties**

None.

**7.**    **a.**    **Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3(c))**

Plaintiff Zoho alleges three legal claims against Defendant Freshworks:
  i) misappropriation of trade secrets in violation of The Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*. ("DTSA");
  ii) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act, California Civil Code § 3426, *et seq*. ("CUTSA"); and
  iii) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA").

    **b.**    **Summary of complaint**

Plaintiff Zoho filed this civil lawsuit for trade secret misappropriation against its direct competitor, Freshworks, after discovering that Freshworks had illegally obtained Zoho's confidential data that exclusively resided in Zoho's protected customer relationship management ("CRM") database and had used that information to solicit business for its competitive advantage. Zoho's lawsuit includes allegations involving the conduct of Mallikarjun Ravikumar a.k.a. Arjun Ravikumar, who, while employed by Freshworks, illegally gained access to Zoho's CRM database, and viewed and used Zoho's confidential CRM data to conduct marketing and sales activities on Freshworks' behalf, and also shared such information with Freshworks' third-party reseller partners. On October 27, 2020, the Court denied Freshworks' motion to dismiss Zoho's Second Amended Complaint and permitted the case to proceed on Zoho's trade secret misappropriation claims. During the course of discovery, Zoho learned additional information and thus filed a Third Amended Complaint which adds a claim for violation of the CFAA against Freshworks.

    **c.**    **Summary of defenses and counterclaims**

In response to Zoho's Third Amended Complaint, Freshworks filed an answer denying liability, and asserting affirmative defenses to Zoho's allegations. To date, Freshworks has not asserted any counterclaims against Zoho.

    **d.**    **Other necessary information or documents**

A Protective Order governing the production and disclosure of confidential information in connection with this legal proceeding was entered by the Court on September 14, 2020 (ECF #51). Thus, any

Letter of Request
Case No. 3:20-cv-01869-VC-TSH

4

confidential documents or testimony provided in this proceeding would be protected from disclosure to the public pursuant to the terms of the Protective Order.

8.    a.    **Evidence to be obtained or other judicial act to be performed (Article 3(d))**

This Court respectfully requests that The Ministry of Law and Justice pass appropriate orders to allow Zoho to take the deposition of a competent and appropriate representative designated by Think Technology Services ("Think Technology Services" or "iThink.co") and acceptable to Zoho (*e.g.*, Adhir Varma) (identified in Section 9 below) and to collect specific evidence in Think Technology Services' possession, custody or control, for use in this case and at trial in the proceedings.

    b.    **Purpose of the evidence or judicial act sought**

As Think Technology Services is outside the subpoena power of this Court and cannot be subpoenaed to appear as a witness in this case, the testimony sought in this Letter of Request will be used in this case, including at any trial. The requested deposition testimony and documents (as described in more detail in Sections 10 and 11 below) from Think Technology Services are relevant to the Plaintiff's claims. Discovery to date shows that Think Technology Services was among the Freshworks reseller partners who received Zoho's CRM data from Freshworks. Think Technology Services thus has direct knowledge and evidence related to the circumstances of Freshworks' sharing and use of Zoho's CRM data, as well as any subsequent use by Think Technology Services of Zoho's CRM data.

9.    **Identity and address of any person to be examined (Article 3(e))**

Adhir Varma, Director of Business Development
Think Technology Services
214, 2nd Floor
Neo Corporate Plaza, Ramchandra
Lane Extn, Off Link Rd, Malad (W)
Mumbai – 400064
India

10.    **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3(f))**

The subject matter for questioning consists of the following topics within the witness' personal knowledge:

- The factual circumstances surrounding Freshworks' use and sharing of Zoho confidential information, including data from Zoho's customer relationship management database ("CRM").

- Communications between Freshworks and Think Technology Services related to or reflecting Zoho confidential information, including Zoho's CRM data.

- Use, including sales and marketing activities, by Freshworks or Think Technology Services of Zoho confidential information, including Zoho's CRM data.

- The value, benefit, or business generated using Zoho confidential information, including Zoho's CRM data.

- Think Technology Services' knowledge of the possession or use of Zoho confidential information by Freshworks or other Freshworks partners.

- The investigation or remediation efforts by Freshworks or Think Technology Services related to use of Zoho confidential information, including Zoho's CRM data.

- Communications related to this legal proceeding or the parties' allegations, claims or defenses.

- The history and nature of Think Technology Services' relationship with Freshworks and Mr. Ravikumar.

- Think Technology Services' possession and preservation of documents and document sources relevant to this legal proceeding.

**11.    Documents or other property to be inspected (Article 3(g))**

A list of documents and other property to be inspected is set forth as follows:

- Documents and communications in Think Technology Services' possession, custody or control related to, discussing, or reflecting Zoho confidential information, including Zoho's CRM data.

- Documents and communications in Think Technology Services' possession, custody or control related to sales, marketing or business activities discussing Zoho, including Zoho leads, customers or partners.

- Documents and communications in Think Technology Services' possession, custody or control related to the generation, creation, sourcing, sharing, or acquisition of leads or customers for Freshworks.

- Documents and communications in Think Technology Services' possession, custody or control related to investigation or remediation efforts by Freshworks or Think Technology Services related to Mr. Ravikumar or Zoho.

- Documents and communications in Think Technology Services' possession, custody or control related to this legal proceeding and the parties' allegations, claims or defenses.

The Court also respectfully requests that counsel for Zoho be permitted to seek from the witness such specific documents which are in their possession, custody or control that are relevant to the subject matters set forth in Section 10 above and as may be identified during the course of the examination.

**12.    Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3(h))**

This Court respectfully requests that the examination be conducted under oath.

**13.     Special methods or procedure to be followed (Articles 3, i and 9)**

This Court respectfully requests that counsel for Zoho be permitted to take the deposition testimony upon oral examination of the witness. Counsel for Freshworks may conduct an oral cross-examination of the witness.

The Court respectfully requests that the deposition be recorded verbatim by a stenographer (court reporter) in writing, including interactive real-time transcription. This Court respectfully requests that the parties be permitted to arrange, at their expense, for the attendance of a privately employed stenographer (court reporter).

The Court further requests that the testimony be videotaped. The Court respectfully requests that the parties be permitted to arrange, at their expense, for the attendance of a privately employed videographer.

The Court respectfully requests that, unless the witness requests to testify in another language, the examination be conducted in English. If the witness requests to testify in another language, the Court requests that the parties be permitted to make arrangements, at their expense, for the attendance of a privately employed interpreter, or should that not be acceptable, an interpreter assigned by the Central Authority.

This Court respectfully requests that counsel for the parties be permitted to attend the deposition, and that counsel for the parties be permitted to ask follow-up questions and show the witness documents in this context.

The Court respectfully requests that if COVID-19 pandemic conditions and health risks for travel and in-person depositions persist around the time of examination, remote/virtual attendance at the examination by attendees be permitted, to the extent allowable by law and subject to the written stipulation by the parties.

The Court respectfully requests that the witness be examined as soon as possible, continue day-to-day until completed, and be completed, to the extent possible, no later than September 3, 2021.

The Court requests that to the extent that any of these requests cannot be granted, that the execution of these requests be performed according to applicable law.

**14.     Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The Court respectfully requests that counsel for Zoho (Ryan Marton, Esq., Marton Ribera Schumann & Chang LLP, 548 Market Street, Suite 36117, San Francisco, California, Tel.: 415-360-2515, Email: ryan@martonribera.com and the Counsel on record before The Ministry of Law and Justice) be notified of the date, time, and place of the examination. The examination will take place at a time and location to be determined by The Ministry of Law and Justice but to the extent possible, no later than September 3, 2021.

**15.     Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

No attendance of judicial personnel of the requesting authority is requested.

**16.     Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b)**

The following privileges shall apply to the evidence and testimony provided:  Attorney-client privilege and attorney work product doctrine, and any other applicable privilege or immunity applicable to the evidence and testimony provided.

**17. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by**

Zoho and Freshworks, as they may agree or may be ordered by the Court.

**18. Date of Request/Signature and Seal of the Requesting Authority**

Dated:  _____July 2_____, 2021

_____
Hon. Thomas S. Hixson
United States Magistrate Judge